IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEITH A. SCHLACHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-095 |
| | ) | |
| RONALD STRENGTH, Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), commenced the above-captioned case pursuant to 42 U.S.C. § 1983 while he was incarcerated at Charles B. Webster Detention Center. Plaintiff was later released from incarceration. (See Doc. no. 10.) This matter is before the Court on Defendant's "Motion to Dismiss for Plaintiff's Failure to Comply With the Court's Order of August 19, 2010" ("motion to dismiss") (doc. no. 32), as well as his amended motion to dismiss (doc. no. 35). Plaintiff has not filed a response to either motion. Accordingly, Plaintiff's motion to dismiss and amended motion to dismiss are deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS and RECOMMENDS** that Defendant's amended motion to dismiss be **GRANTED**, that his motion to dismiss be **GRANTED IN PART**, that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

I. BACKGROUND

1

After being released from incarceration (see doc. no. 10), Plaintiff's second amended complaint was screened, and the Court found that Plaintiff had *arguably* stated First Amendment claims against Defendant regarding alleged interference with Plaintiff's mail. (Doc. no. 20, p. 5.) Therefore, the Court directed that service of process be effected on Defendant. (Id. at 6.) Defendant filed his answer (doc. no. 23) and served his "Interrogatories and Request for Production of Documents" on Plaintiff (doc. no. 27, Ex. A). Plaintiff filed a motion to stay the case so that he could attempt to locate an attorney. (Doc. no. 26.) On June 23, 2010, the Court denied Plaintiff's motion to stay and ordered the parties to meet within 21 days to confer as required under Fed. R. Civ. P. 26(f). (Doc. no. 28.)

In the interim, Defendant filed a Motion to Compel stating Plaintiff had failed to respond to the interrogatories and requests for production of documents that Defendant had sent him. (Doc. no. 27.) On July 15, 2010, Defendant filed a motion for guidance regarding the 26(f) conference the Court had ordered the parties to hold in it's June 23rd Order. (Doc. no. 29.) In his motion for guidance, Defendant stated that he had contacted Plaintiff about scheduling a date for the conference, but had received no answer from Plaintiff. (Id.) In an Order dated August 19, 2010, the Court granted both Defendant's motion to compel, as well as his motion for guidance. (Doc. no. 30.) Accordingly, the Court ordered Plaintiff to submit responses to Defendant's written discovery and to contact Defendant by August 25, 2010 to arrange the Rule 26(f) conference. (Id.) Additionally, the Court directed Defendant to submit a request for attorney's fees and expenses within fifteen (15) days of the date of the Order. (Id.) Defendant timely submitted his request in compliance with the Court's order. (Doc. no. 31.) The Court granted Defendant's request in total and ordered Plaintiff to pay the sum of $150.00 by October 1, 2010. (Doc. no. 33.)

2

## II. DISCUSSION

In Defendant's motion to dismiss, he states that, since the Court's August 19th Order, Plaintiff has neither contacted him regarding scheduling the 26(f) conference nor has Plaintiff provided him with full and complete responses to Defendant's interrogatories and request for production of documents. (Doc. no. 32, pp. 2-3.) However, Defendant did reveal that, on July 13, 2010, Plaintiff provided partial responses to his discovery requests. (Id. at 2, Ex. A.) Plaintiff's response consisted of several handwritten pages essentially rearguing his claims as well as photocopies of documents, but no direct answers to Defendant's interrogatories. (Id.) Citing Hashemi v. Campaigner Publ'ns, Inc., 737 F.2d 1538 (11th Cir. 1984) and Fed. R. Civ. P. 37(b)(2), Defendant argues that Plaintiff's case should be dismissed with prejudice due to Plaintiff's failure to comply with the Court's Order to provide discovery to Defendant. (Doc. 32-1, p. 3.)

Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party. Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal is often appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives." Adolph Coors Co. v. Movement Against Racism &

the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).[1]

Here, the Court ordered Plaintiff to contact Defendant to schedule the required 26(f) conference and to answer the interrogatories and request for production of documents served on him by Defendant. (Doc. no. 30.) Notwithstanding the Court's instructions, Plaintiff failed to respond to Defendant's discovery requests beyond what he had already submitted to Defendant on July 13th, and has not contacted Defendant to schedule the 26(f) conference. Plaintiff has not only ignored the Court's Orders, but, continuing a long pattern of unresponsiveness, has failed to provide any explanation or reasons for his failure to comply.

Additionally, in Defendant's amended motion to dismiss, he states that Plaintiff has also failed to comply with the Court's August 19th Order by failing to pay the $150.00 in attorney fees that Plaintiff had been ordered to pay by October 1st. (Doc. no. 35.) In addition to requesting dismissal under Fed. R. Civ. P. 37(b)(2), Defendant argues that Plaintiff's case should be dismissed under Fed. R. Civ. P. 41(b) due to failure to comply with this Court's Order. Both Federal Rule 41 and this Court's Local Rules support a recommendation of dismissal in this case. Indeed, the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure

---

[1]The Court notes that Plaintiff's status as a *pro se* litigant does not exempt him from complying with the Federal Rules or the rules of this Court. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); see also Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (citations omitted) ("Despite construction leniency afforded to *pro se* litigants, we have nevertheless required them to conform to procedural rules.").

to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on the motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] willful disobedience or neglect of any order of the Court." Loc. R. 41.1(b).

The test for determining the appropriateness of dismissal under Fed. R. Civ. P. 41(b) and Local Rule 41.1(b) is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with multiple Court Orders is precisely the type of neglect, if not willful disobedience, contemplated by the Local Rules. Moreover, the Court notes that Plaintiff was already given a chance to avoid dismissal of his case when the Court imposed monetary sanctions for Plaintiff's failure to fully answer Defendant's interrogatories and request for production of documents. (See doc. no. 30.) Plaintiff has chosen not to heed the Court's Orders, and thus, it is convinced that a sanction short of dismissal would not be effective. Therefore, while this Court acknowledges that dismissal is undoubtedly harsh, it nonetheless finds it appropriate in the circumstances of this case under Fed. R. Civ. P. 37(b), 41(b), and Local Rule 41.1(b).

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

adjudication on the merits.³ See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS and RECOMMENDS** that Defendant's amended motion to dismiss be **GRANTED**, that his motion to dismiss be **GRANTED IN PART**, that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of November, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

³Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).